# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

        Petitioner[1],            :      Case No. 3:13-cv-106

                                    District Judge Timothy S. Black

    -vs-                           Magistrate Judge Michael R. Merz

                           :

SECOND DISTRICT COURT OF
 APPEALS, GREENE COUNTY,

        Respondent.

---

# REPORT AND RECOMMENDATIONS; ORDER TO THE CLERK

---

      This case is before the Court for initial review prior to issuance of process.  Petitioner

was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915.  28 U.S.C. §1915(e)(2),

as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat.

1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from
> such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact.

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989).     In

---

[1] Mr. Easterling styles himself as "plaintiff," but this is an action in mandamus where the moving party is properly styled as "petitioner" and the party from whom relief is sought as "respondent."

deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one:  does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984).  The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). Section1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status.  *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999). Filing an *in forma pauperis* application tolls the statute of limitations.  *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)(federal question cases).

This is Easterling's third lawsuit seeking this Court's review of Ohio state court litigation in which he was declared to be a vexatious litigator under Ohio Revised Code § 2323.52 and that declaration was applied against him.  In *Easterling v. Ohio*, Case No. 3:12-cv-300, he claimed that the statute was unconstitutional and sought a judgment "requiring the immediate repeal of Ohio statute 2323.52 and the revocation of all order[s] pursuant to 2323.52 of the Ohio Revised Code."  (Complaint, Doc. No. 2, PageID 41.)  The State of Ohio sought and received dismissal

2

because the case was barred under the *Rooker-Feldman* Doctrine and by Ohio's immunity from suit in federal court under the Eleventh Amendment to the United States Constitution. *Easterling v. Ohio,* 2013 U.S. Dist. LEXIS 364 (S.D. Ohio 2013).

Easterling took no appeal, but instead filed Easterling v. Ohio, Case No. 3:13-cv-024 (the "024 Cases") seeking injunctive relief against enforcement of the state court judgment declaring him to be a vexatious litigator.  The undersigned Magistrate Judge has now twice recommended that that case be dismissed on the same basis as the prior case, to wit, the jurisdictional bars of the *Rooker-Feldman* Doctrine and the Eleventh Amendment (Report and Recommendations, Doc. No. 15; Supplemental Report and Recommendations, Doc. No. 19).

For reasons explained at length in both prior cases, this Court lacks subject matter jurisdiction over Easterling's claims in this case under both *Rooker-Feldman* and the Eleventh Amendment.  While the Respondent Green County Court of Appeals has not yet raised a jurisdictional bar because it has not been served with process, all federal courts, as courts of limited jurisdiction, are required to raise the lack of subject matter jurisdiction *sua sponte*. Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress.  *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated.  *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799).  Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (1798).  The burden of proof is on the party asserting jurisdiction if it is challenged.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935).

A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte.  Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 541(1986) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)).

The *Rooker-Feldman* Doctrine applies to this case because Easterling very directly seeks an order from this Court vacating a decision of the Respondent Greene County Court of Appeals which narrowed the scope of Easterling's appeal to that court in its Case No. 12-CA-52, ordering that court to consider his appeal without that narrowed scope, and disqualifying Judges Donovan, Froelich, Hall, and Fain from participating in considering the appeal as broadened (Action in Mandamus, Doc. No. 2, PageID 77.)  Easterling asserts one or more federal constitutional bases for his action, but that matters not from the perspective of the *Rooker-Feldman* Doctrine, which prohibits this Court from reviewing a judgment of a state court.

The Eleventh Amendment applies to this case because the Green County Court of Appeals is an arm of the State of Ohio.  Application of the Eleventh Amendment in a suit against a public agency turns on whether the agency can be characterized as an arm or alter ego of the State, or whether it should be treated instead as a political subdivision of the State.  *Hall v. Medical College of Ohio at Toledo,* 742 F.2d 299, 302 (6th Cir. 1984)(citing *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280 (1977)).  This bar against suit also extends to state officials acting in their official capacities, such as appellate court judges.  *Kentucky v. Graham,* 473 U.S. 159, 167 (1985).  An Ohio common pleas court is not a segment of county government, but an arm of the State for purposes of the Eleventh Amendment.  *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997).  The same is true of Respondent Greene County Court of Appeals.

It is therefore respectfully recommended that this case be dismissed without prejudice for

lack of subject matter jurisdiction.

## Order to the Clerk

The Clerk of Court is hereby ORDERED not to issue process in this case pending further order of the Court.

## Notice to the Plaintiff Regarding Fed. R. Civ. P. 11

As noted above, this is the third lawsuit Mr. Easterling has filed in this Court attempting to obtain relief from the same state court judgment, albeit in slightly different forms. This is strikingly similar conduct to the behavior which resulted in his being declared a vexatious litigator in the Ohio courts. See *Easterling v. Union Savings Bank*, 2013 Ohio 1068, 2013 Ohio App. LEXIS 949, ¶¶ 13-14 (Ohio App. 2nd Dist. Mar. 22, 2013).

Effective December 1, 1993, Fed. R. Civ. P. 11 was amended to read:

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The standard of conduct imposed on parties and attorneys by amended Rule 11 is reasonableness under the circumstances. *INVST Financial Group v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 401 (6th Cir. 1987); *See also Business Guides, Inc., v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533 (1991); *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987); *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790 (6th Cir. 1988). The court must test the signer's conduct by inquiring what was reasonable to believe at the time of signing, and must avoid using the "wisdom of hindsight." *Mann v. G&G Mfg., Inc.*, 900 F.2d 953 (6th Cir. 1990); *Century Products, Inc., v. Sutter*, 837 F.2d 247 (6th Cir. 1988); *INVST, supra*, at 401; *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir. 1988). The Rule includes both a duty to investigate the facts, *Albright v. Upjohn,* 788 F.2d 1217 (6th Cir. 1986), and the law, *INVST, supra*, at 402.

Plaintiff is cautioned that his continued filing of lawsuits in this Court raising the same claims is subject to potential sanctions under Fed. R. Civ. P. 11.

April 17, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ.

P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).