# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

WARREN EASTERLING,                                    :

                          Petitioner,

      -vs-

SECOND DISTRICT COURT
  OF APPEALS,

                     Respondent.          :

Case No. 3:13-cv-106

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

# REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Amended Complaint (Doc. No. 9) for review

under 28 U.S.C. § 1915.  Petitioner, who now styles himself as Plaintiff although he seeks

mandamus relief, was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915

(Notation Order granting Doc. No. 1).  28 U.S.C. § 1915(e)(2), as amended by the Prison

Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26,

1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from
> such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in

fact.  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989).    In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one:  does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984).  The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Dismissal is permitted under § 1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

Because federal courts are courts of limited jurisdiction and even the issuance of process constitutes to some extent the exercise of judicial power, this Court regularly considers whether it may have subject matter jurisdiction of a case at the same time as it conducts the § 1915 review.

The Amended Complaint names as Defendants The Honorable Mary Donovan, The Honorable Jeffrey Froelich, The Honorable Michael T. Hall, and The Honorable Mike Fain, all of whom are judges of the Ohio Second District Court of Appeals for Greene County. Plaintiff complains of an order signed by Judges Fain, Donovan, Hall in Greene County Appellate Case No. 12-CA-52 limiting Plaintiff's appeal from judgment in Greene County Common Pleas Case

No. 10-cv-1267 "to that part of the trial court's order that declared him to be a vexatious litigator under R.C. 2323.52."  (Copy attached to Doc. No. 9 at PageID 201-211.)

Later in the same appeal the Second District found Ohio Revised Code § 2323.52 to be constitutional and affirmed the Greene County Common Pleas Court's declaration of Plaintiff to be a vexatious litigator under the statute.  *Easterling v. Union Savings Bank*, 2013 Ohio 1068, 2013 Ohio App. LEXIS 949 (2nd Dist. 2013)(copy of slip opinion at Doc. No. 9, PageID 213-222).  Neither the Ohio Supreme Court website nor the LEXIS database shows any appeal by Plaintiff from that decision.

Plaintiff seeks the following relief:

1.      Remand appeal 12-CA-52 back to the 2nd District Court of Appeals (vacating the current decision).

2.      Grant the Plaintiff leave to appeal the entire case without a narrowed scope which creates fundamental unfairness.  The motion for fees (2323.51) needs to be appealed.

3.      Grant the Plaintiff an unbiased tribunal by disqualifying all four judges from service (Donovan, Froelich, Hall, Fain).

4.      Declare Ohio statute 2323.52 unconstitutional as admitted by the State of Ohio in Case No. 3:12-cv-300 (failure to deny).

5.      Revoke the court order declaring the Plaintiff a vexatious litigator (See exhibit #3) as it is unconstitutional if 2323.52 is unconstitutional.

(Amended Complaint, Doc. No. 9, PageID 208-209.)

When a claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without subject matter jurisdiction to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court.  *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. Columbia Ct. of*

*Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985).

The *Rooker-Feldman* doctrine bars relitigation of claims actually raised in state-court proceedings as well as claims that are inextricably intertwined with claims asserted in those proceedings. *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998). In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction. *Pieper v. American Arbitration Assn., Inc*., 336 F.3d 458 (6th Cir. 2003)(Moore, J.), quoting *Catz*: "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." The *Rooker-Feldman* doctrine, however, does not bar jurisdiction when the plaintiff's claim is merely "a general challenge of the state law applied in the state action," rather than a challenge to the law's application in a particular state case." *Pieper*, quoting *Tropf v. Fidelity Nat'l Title Ins. Co.,* 289 F.3d 929, 937 (6th Cir. 2002), *cert. denied,* 123 S. Ct. 887 (2003); *see also Hood v. Keller*, 341 F.3d 593 (6th Cir. 2003).

The Sixth Circuit has explained the Rooker-Feldman Doctrine in more detail:

The *Rooker-Feldman* doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 68 L. Ed. 362, 44 S. Ct. 149 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983), stands for the proposition that a party aggrieved by a state-court decision cannot appeal that decision to a district court, but must instead petition for a writ of certiorari from the United States Supreme Court. This circuit has devised a number of formulae for determining when a district court lacks jurisdiction under the *Rooker-Feldman* doctrine; broken down to essentials, there are two categories of cases barred by the doctrine. First, when the federal courts are asked to "engage in appellate review of state court proceedings," the doctrine necessarily applies. *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002). In determining when a plaintiff asks for appellate review, we have in the past looked

4

to the relief sought, see *Dubuc v. Mich. Bd. of Law Exam'rs,* 342 F.3d 610, 618-19 (6th Cir. 2003), or asked the question whether the plaintiff alleges "that the state court's judgment actively caused him injury [rather than] that the judgment merely failed to redress a preexisting injury," *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 461 n.1 (6th Cir. 2003). *See also Hutcherson v. Lauderdale County,* 326 F.3d 747, 755 (6th Cir. 2003) ("'The fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" (quoting *Garry v. Geils,* 82 F.3d 1362, 1365 (7th Cir. 1996)); *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002) (The doctrine "precludes federal court jurisdiction where the claim is a specific grievance that the law was invalidly -- even unconstitutionally -- applied in the plaintiff's particular case." (internal quotation marks and citations omitted)).

The second category of cases barred by *Rooker-Feldman* is those which allege an injury that predates a state-court determination, but present issues inextricably intertwined with the claim asserted in the prior state court proceeding. Adopting Justice Marshall's phrasing in *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25, 95 L. Ed. 2d 1, 107 S. Ct. 1519 (1987) (Marshall, J., concurring), this circuit has held,

The federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Peterson Novelties*, 305 F.3d at 391. *See, e.g., Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492-94 (6th Cir. 2001) (applying "inextricably intertwined" test to hold *Rooker-Feldman* abstention appropriate). [footnote omitted]

*DLX, Inc. v. Kentucky*, 381 F.3d 511, 516-517 (6th Cir., 2004).

Plaintiff attempts to avoid the impact of *Rooker-Feldman* with various conclusory allegations. For example, he alleges Judge Donovan "defrauded" him by her actions in this case. Under Fed. R. Civ. P. 9(b), a fraud plaintiff must plead the time, place, and contents of misrepresentation. *Bender v. Southland Corp.*, 749 F.2d 1205 (6th Cir. 1984). The elements of an action in actual fraud in Ohio are (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with

5

knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54, 55 (1987), citing *Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St. 3d 69, ¶2 of the syllabus (1986); and *Cohen v. Lamko, Inc.*, 10 Ohio St. 3d 167 (1984). Plaintiff just uses the word "defrauded"; he nowhere pleads any underlying facts.

Similarly, Plaintiff alleges the Defendant Judges "conspired" against him. : The standard governing a § 1983 conspiracy claim is

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Heyne v. Metropolitan Nashville Public Schools*, 655 F.3d 556, 563 (6th Cir. 2011), *quoting Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)(*quoting Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). Although circumstantial evidence may prove a conspiracy, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Hooks, quoting Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)); *accord Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). That pleading standard is "relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). It is not an actionable conspiracy for judges of a multi-judge appellate court to work together on a case – that is what they are expected to do.

Finally, Plaintiff claims the Defendant Judges have a "vested interest" in affirming trial courts, but never explains what that is.

None of Plaintiff's allegations designed to take this case outside the *Rooker-Feldman* Doctrine have the plausibility or even the detail in pleading which would bring them within the current standard for pleading a claim for relief in federal court.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

It is therefore respectfully recommended that the Amended Complaint be dismissed without prejudice for lack of subject matter jurisdiction as established by the Rooker-Feldman Doctrine.

June 19, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).