IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

    Petitioner[1],            :     Case No. 3:13-cv-106

                                    District Judge Timothy S. Black
  -vs-                                 Magistrate Judge Michael R. Merz

                            :

SECOND DISTRICT COURT OF
 APPEALS, GREENE COUNTY,

    Respondent.

## REPORT AND RECOMMENDATIONS REGARDING *IN FORMA PAUPERIS* STATUS ON APPEAL

This case is before the Court on the filing of Petitioner's Notice of Appeal (Doc. No. 18, filed in the Sixth Circuit on August 12, 2013, and transferred to this Court on September 6, 2013). Petitioner has not tendered the required $455 filing fee and therefore, presumably, seeks to appeal *in forma pauperis*, even though he has not requested that stauts for appeal.

The Sixth Circuit Court of Appeals requires that all district courts in the Circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis,* whether the appeal is frivolous. *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997). 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

Plaintiff was granted leave to proceed *in forma pauperis* in this Court, but that determination is not conclusive, since the appeal involves a separate proceeding. *Slack v.*

---

[1] Mr. Easterling styles himself as "plaintiff," but this is an action in mandamus where the moving party is properly styled as "petitioner" and the party from whom relief is sought as "respondent."

*McDaniel,* 529 U.S. 473 (2000)*; Spruill v. Temple Baptist Church,* 141 F.2d 137, 138 (D.C. Cir. 1944). If the party was permitted to proceed *in forma pauperis* in the district court, the party may proceed on appeal *in forma pauperis* without further authorization unless the district court certifies in writing that an appeal would not be taken in good faith, or the party is not otherwise entitled to proceed as a pauper. See Fed. R.App. P. 24(a)(3). If the district court denies the individual leave to proceed *in forma pauperis* on appeal, the party may file, within thirty days after service of the district court's decision as prescribed for by Fed. R.App. P. 24(a)(4), a motion with the Court of Appeals for leave to proceed as a pauper on appeal. The party's motion must include a copy of the affidavit filed in the district court and the district court's statement as to its reasons for denying pauper status on appeal. See Fed. R.App. P. 24(a)(5). *Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999), holding *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997), superseded in part by 1998 amendments to Fed. R.App. P. 24.

The test under § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue not frivolous. *Coppedge v. United States,* 369 U.S. 438 (1962).  Thus an appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal.  This test will often be difficult to apply in any conclusive manner at the district court level because only a bare notice of appeal is before the District Court;  it will often be unable to evaluate the issues appellant intends to raise on appeal because the appellant has no occasion to reveal those issues in a notice of appeal.

In the Report and Recommendations adopted by this Court in dismissing this case, the Magistrate Judge found the Amended Complaint to be frivolous under the same standard to be applied here, to it, that it lacks an arguable basis either in law or in fact (Report, Doc. No. 10,

PageID 245-246, citing *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989).)  The Amended Complaint sought injunctive or mandamus relief against the judges of the Ohio Second District Court of Appeals to compel them to broaden the scope of Easterling's appeal in their Case No. 12-CA-52 and declare Ohio Revised Code § 2323.52, the Ohio vexatious litigator statute, unconstitutional.  The Report found that our jurisdiction was barred by the *Rooker-Feldman* doctrine, citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985) (Report, Doc. No. 19, PageID 247-248).

While Easterling has filed a bare Notice of Appeal without stating the issues he intends to raise, the *Rooker-Feldman* doctrine is very plainly applicable to this case.  Therefore the Court should deny Easterling pauper status on appeal and certify to the Sixth Circuit that the appeal is objectively frivolous.

September 9, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).