# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

       Petitioner,            :        Case No. 3:13-cv-106

                                                  District Judge Timothy S. Black
    -vs-                                          Magistrate Judge Michael R. Merz
                                                  :

SECOND DISTRICT COURT OF
 APPEALS, GREENE COUNTY,

       Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS REGARDING *IN FORMA PAUPERIS* STATUS ON APPEAL

    This case is before the Court on Petitioner's Objections (Doc. No. 21) to the Magistrate Judge's Report and Recommendations (Doc. No. 19). Judge Black has recommitted the matter for reconsideration in light of the Objections (Doc. No. 22).

    In this case Mr. Easterling sought to compel the Second District Court of Appeals to expand the scope of Easterling's appeal in that court's Case No. 12-CA-52 and to declare the Ohio vexatious litigator statute unconstitutional. The Magistrate Judge recommended dismissing the case as barred by the *Rooker-Feldman* doctrine (Doc. No. 10), Judge Black adopted that Report (Doc. Nos. 16, 17), and the Magistrate Judge has now recommended denying Easterling's implicit request for *in forma pauperis* status on appeal because he has no non-frivolous argument that would take this case outside the *Rooker-Feldman* Doctrine (Report, Doc. No. 19). Easterling's current Objections are directed to that Report.

    Easterling accuses this Court of acting in "furtherance of a conspiracy" and "refusing to

1

follow the law" with the purpose of intimidating the Petitioner or causing him injury and of "maliciously and frivolously using discrimination as its basis to obstruct justice." (Objections, Doc. No. 21, PageID 321-22.) The Court will treat these comments as the rhetorical flourishes of a *pro se* litigant. However, further accusations against the Court will be dealt with under Fed. R. Civ. P. 11 and Petitioner will be required to furnish under oath any proof he has of conspiratorial behavior by this Court. The Court is earnestly trying to follow the law. Whether it has succeeded will be decided by the Sixth Circuit in the instant appeal.

Easterling's claim is that 28 U.S.C. § 1331, the statute which confers general federal question subject matter jurisdiction on this Court, overrides the *Rooker-Feldman* doctrine. That is simply not so. *Feldman* itself was brought under 28 U.S.C. § 1331 and the Supreme Court held that, because the question raised involved the validity of a state-court[1] judgment, review was available only by writ of certiorari from the Supreme Court, and not by original suit in district court.

Without question, Easterling is the subject of a state court judgment, to wit, the judgment of the Greene County Common Pleas Court adjudicating him to be a vexatious litigator under Ohio Revised Code § 2323.52. On appeal from the final judgment of that court, Easterling sought to broaden his (scope) appeal beyond the scope allowed by the Ohio vexatious litigator statute and Respondent Second District Court of Appeals for Greene County limited the scope to that allowed by Ohio Revised Code § 2323.52 and prevented Easterling "from appealing anything argued by the defendant (filer of the counterclaim) which consisted of multiple acts fraud, procedural irregularities and perjury by the trial court judge." (Petition, Doc. No. 1, PageID 7.) What Easterling wanted this Court to do was "grant the Plaintiff leave to appeal the entire case without a narrowed scope which creates fundamental unfairness" and disqualify four

---

[1] The lower court was actually a court of the District of Columbia, which is treated as a State for these purposes.

of the five judges of that court from hearing the case. *Id.* at PageID 22. This was a direct attack on the judgment of the Respondent Court, as well as a general attack on the vexatious litigator statute.

Easterling believes *Rooker-Feldman* only applies "to abstaining from hearing cases for which the state courts have made a valid judgment and no civil rights of either party was [sic] violated in doing so." (Objections, Doc. No. 21, PageID 323.) However, he cites no case law in support of that proposition and its adoption would open the federal courts to virtually every state litigant who could claim his due process rights were violated by some way in which the state court did not follow proper procedure.

Easterling places great emphasis on the Supremacy Clause and rightly so. However, he misunderstands its application to this case. A major tenet of Supremacy Clause jurisprudence is that the pronouncements of the United States Supreme Court on both the meaning of the Constitution and of federal statutes is the final word on what the law is. This Court cannot override the clear mandate of the Supreme Court in *Rooker-Feldman* and their progeny in favor of Mr. Easterling's interpretation of 28 U.S.C. § 1331, an interpretation contradicted by the *Feldman* decision.

The Magistrate Judge also notes that Petitioner has been given a full consideration of his general claim that Ohio Revised Code § 2323.52 is unconstitutional in *Easterling v. Dewine,* Case No. 3:13-cv-024. *Easterling v. Ohio*, 2013 U.S. Dist. LEXIS 116364 (S.D. Ohio 2013), *adopted by Easterling v. Ohio*, 2013 U.S. Dist. LEXIS 126124 (S.D. Ohio 2013).

It is again respectfully recommended that Petitioner be denied *in forma pauperis* status on appeal be denied and the Court certify to the Sixth Circuit that the appeal is objectively frivolous. If Judge Black adopts this recommendation, Petitioner has the right to ask the Sixth

Circuit for *in forma pauperis* status.

  Setpember 16, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).